ZALDUONDO MIER & Co., ETC., Plaintiff and Appellant, v. REGLERO & CASTRILLO ET AL., Defendants and Appellees; ANTONIO REVILLA, Intervener and Appellee.

No. 5494. Argued May 3, 1932.—Decided March 10, 1933.

A. *Arroyo Rivera* for appellant. O. *Souffront* for defendants-appellees. *José Sabater* for intervener-appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Reglero & Castrillo, a firm, was sued by the trustee in bankruptcy of Zalduondo Mier & Co., to be designated in this opinion as the plaintiff. Antonio Revilla set up ownership of the chose in action claimed by the plaintiff and sought to intervene in the suit. The intervention was finally denied by the District Court of San Juan. Revilla presented a petition

in certiorari to this Court and the order of the district court refusing the intervention was annulled. *Revilla* v. *District Court,* 39 P.R.R. 57.

Before the attempted intervention and while the plaintiff and the defendant, Reglero & Castrillo, were trying the case, the trial was suspended for a period and the parties came to an agreement as to certain facts and procedure to be followed. They signed a stipulation to that effect. There had been some question as to whether Reglero & Castrillo or Castrillo alone was responsible for the amount of the claim, but under the stipulation the recovery was to be against Reglero & Castrillo and was to be limited to the sum of $4,325 with interest at 8 per cent per annum, from the eighth of February, 1924. In other words, Reglero & Castrillo agreed that they were responsible to the plaintiff or somebody for the amount sued upon by the said plaintiff. Such a responsibility was definitely shown by our opinion in *Revilla* v. *District Court, supra.* The stipulation also set forth that it was doubtful who was the actual owner of said claim and the parties agreed to abide by the judgment of the court in this regard. So that the issues in this case were and are between the intervener and the plaintiff; that is to say, the issue arose as to what person had a right to recover the sum of $4,325 against Reglero & Castrillo. The District Court of San Juan decided in favor of the intervener.

Originally it appeared that Reglero & Castrillo owed Zalduondo Mier & Co. something over ten thousand dollars for the purchase of merchandise. Fidel Mier was one of the two managing partners of the plaintiff, a limited partnership and Benito Zalduondo was the other. For the said debt Fidel Mier was a surety and on the books of Zalduondo Mier & Co. he appeared as such surety. The debt in excess of $7,000 was paid by Reglero & Castrillo.

On the 25th of March, 1920, a transfer was made on the books of Zalduondo Mier & Co. by which the said $7,000 owing by Reglero & Castrillo was transferred to the account of Fidel

Mier. In other words, Zalduondo Mier & Co. charged the account to Fidel Mier. At the same time another entry was made by which Fidel Mier was credited with the ownership of the amount of $7,000 owed by Reglero & Castrillo. This was a personal account of Fidel Mier.

At the trial some objection was made to the admission of these books or the evidence of this transfer. However, we think it was clearly proved that the transfer was actually made on the books of the firm and that it took effect so far as it was within the powers of the managing partners to make such transfer. The objections to the admission of the evidence tending to show such transfer can not be considered as important and are not insisted upon on appeal. Benito Zalduondo on the witness stand clearly testified that such transfer was made.

Thereafter, on the first of July, 1922, Fidel Mier in a written instrument transferred the said credit to Antonio Revilla, the intervener in this case. No serious attack, if any, was made to the admission of this document. Nor is it seriously questioned, as we understand it, that Fidel Mier had a right to transfer this debt to Revilla, supposing that he legally acquired the right to the said $7,000.

What the plaintiff-appellant maintains is that Zalduondo Mier & Co., and none of its component partners, had a right to make such transfer. The plaintiff-appellant maintains that section 139 of the Code of Commerce prevents a partner from deducting anything from the assets of the firm and placing it to his own credit. We agree with the appellee that what took place here is an entirely different matter and that one member of the firm has a right to charge himself with a debt with the consent of the other member. There was nothing to show that at the time of the transfer it was not an advantage to the firm to charge the account to Fidel Mier rather than to let it remain as a charge against Reglero & Castrillo. The effect of the said article at the utmost would be to require the particular partner to pay back to the firm

the amount thus taken by him, and in that regard we may say that in the present case a judgment for default was entered against Fidel Mier for that amount.

Some question there was made by the appellant that such a transfer was fraudulent. But again we agree with the appellee that this could not affect Antonio Revilla who nominally took title from Fidel Mier, a perfectly competent managing partner of Zalduondo Mier & Co. Similar considerations may apply to the attempt to invoke section 135 of the Code of Commerce.

Section 143 of the Code of Commerce is not applicable, because the assignment made by Fidel Mier to Revilla was at that time presumptively of his own right to the said chose in action, and by this act Antonio Revilla did not become subrogated to the rights of Fidel Mier in the firm of Zalduondo Mier & Co.

It is similarly plain that section 1362 of the Civil Code does not apply because Fidel Mier was not an agent of the firm of Zalduondo Mier & Co. within the meaning of that section. He was a managing partner. As in the other matters we have just discussed, all his acts were consented to by his partner, Benito Zalduondo.

We have not discussed these various questions to a greater extent because from the record it appears perfectly plain to us that Zalduondo Mier & Co. had the right to make this transfer and substitute Fidel Mier as debtor for Reglero & Castrillo.

One of the principal questions raised by the appellant is that the transfer on the books was not actually or legally done and that if it was legally done it was subsequently changed or rescinded by Zalduondo himself. The court said that the evidence was conflicting, and, as we take it, principally on this point. This was a suit not by Zalduondo Mier & Co. but by the trustee in bankruptcy. Both the trustee and his attorney took the stand to say that Benito

Zalduondo had told them a different story; that the transfer was never validly made and that subsequently Benito Zalduondo had re-transferred the account, so as to make it stand as it originally appeared on the books of Zalduondo Mier & Co. As we have said, however, Benito Zalduondo testified. He gave a circumstantial account of the transfer made on the books, and explained or attempted to explain his inconsistencies in having told the lawyer and the trustee that the account was against Reglero & Castrillo and not against Fidel Mier.

Reading the record we find no reason why the court was not entitled to believe that the facts happened as Zalduondo at the trial said they happened. It seems to us that in the testimony of Zalduondo it would appear that he told the trustee and his attorney his legal opinion that the firm had no right to make the change and that the account should always be considered to be charged against Reglero & Castrillo.

There was abundant evidence in the case to the effect that everybody concerned, including Benito Zalduondo and Antonio Revilla and Reglero & Castrillo, all understood that the owner of the account was Revilla and not Mier.

During the trial the plaintiff attempted to show through the testimony of Zalduondo that receipts were given to Reglero & Castrillo and credited to Mier. Some of these receipts were signed by P. A. Frau, who purported to be acting as attorney in fact for Zalduondo Mier & Co. The plaintiff objected to the admission of these receipts because the power of attorney from the firm to Frau was not first offered in evidence. The question of the agency of Frau was a collateral matter and the authorities tend to show that the best evidence rule is not applicable to such a situation. 22 C. J. 993, par. 1248 *et seq.*, and more especially page 998, par. 1264. In any event the appellant does not insist in his brief upon the exception taken at the trial.

There were other questions of pleading raised, but they were unimportant or cured at the trial.

The judgment must be affirmed.